UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED

2006 FEB 22 1 A 10: 10

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

RONALD GARY MOORE,

    Plaintiff,

v.            Case No. 3:06-cv-133-J-20MCR

LINDA BARGSTEDT,
etc.; et al.,

    Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, a prisoner of the Florida penal system who is proceeding <u>pro se</u> and <u>in forma pauperis</u>, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint). He names the following Defendants in this action: (1) Linda Bargstedt, the victim of several crimes for which the Plaintiff was adjudicated guilty in state court; (2) Lawson Lamar, an Assistant State Attorney who was the prosecutor in those cases; (3) Michael Flippo, the Public Defender who represented Petitioner in those cases; and, (4) Kevin Holtz, an Assistant Public Defender who represented Petitioner in the appeals of those criminal cases.

On April 26, 1996, the President of the United States signed into law the Prison Litigation Reform Act (hereinafter PLRA). The PLRA requires this Court to dismiss this case at any time if the

Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state

>  law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912-13, 68 L.Ed.2d 420 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd by, Zinermon v. Burch, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579 (11th Cir. 1995).

Here, the first element is not satisfied with respect to Plaintiff's claims against Defendants Bargstedt, Flippo and Holtz. The victim, Linda Bargstedt, is a private individual who did not act under color of state law. Furthermore, the United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County, et al. v. Dodson, 454 U.S. 312, 325 (1981) (footnote omitted).

Additionally, prosecutors are "entitled to absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case." Bolin, 225 F.3d at 1242 (citing Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999); and, Fullman v.

Graddick, 739 F.2d 553, 558-59 (11th Cir. 1984)); see also Mastroianni v. Bowers, 173 F.3d 1363, 1366 (11th Cir. 1999) (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 273, (1993)).

Moreover, Plaintiff's cause of action against Defendant Lamar is essentially a claim of malicious prosecution, which is premature. In Heck v. Humphrey, 512 U.S. 477, 489 (1994) (footnote and citations omitted), the United States Supreme Court stated that a § 1983 cause of action "attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."

> Further, in order to state a cause of action for malicious prosecution, a plaintiff must allege and prove that the criminal proceeding that gives rise to the action has terminated in favor of the accused. See Kelly v. Serna, 87 F.3d at 1240-41; Heck v. Humphrey, 512 U.S. 477, 484, 114 S.Ct. 2364, 2371, 129 L.Ed.2d 383 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.").

Uboh v. Reno, 141 F.3d 1000, 1004 (11th Cir. 1998). Here, Plaintiff has not alleged that the criminal proceedings have terminated in his favor. Therefore, he has failed to state a claim upon which relief may be granted at this time with respect to his malicious prosecution claim.

Accordingly, for all of the above-stated reasons, this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED WITHOUT PREJUDICE.**

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of February, 2006.

_____
UNITED STATES DISTRICT JUDGE

ps 2/21
c:
Ronald Gary Moore